### J. S. FAIRLEIGH *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 5—854.]

**Indictment for Embezzlement.**
> Under Gen. Stat. 1883, art. 12, ch. 29, § 2, an indictment is not good in charging embezzlement when it fails to allege that the money was delivered or entrusted to the accused to be delivered to a particular person at any place or to any person, and that he fraudulently converted or secreted it for that purpose.

**Embezzlement from Corporation.**
> General Stat. 1883, art. 12, ch. 29, § 1, applies to embezzlement from a corporation, and under such section the indictment to be good must allege by fact or inference that the company is an incorporated company.

### APPEAL FROM CARTER CIRCUIT COURT.

April 22, 1884.

· OPINION BY JUDGE HARGIS:

The indictment charges Fairleigh with the crime of embezzlement, which he is alleged to have committed substantially in the following manner: "That being in the employ and a servant of the

Adams Express Co., as such he was entrusted with its money and feloniously converted to his own use fifty dollars thereof which he had received in his capacity as agent, from R. H. Paynter."

To the indictment a demurrer was filed by appellant and overruled by the court. The demurrer should have been sustained because the offense of embezzlement from the class of persons to which the express company belongs or of which it is composed is purely statutory, and denounced by Gen. Stat. 1883, ch. 29, art. 12, §§ 1 and 2, and neither of those sections authorizes a conviction on such allegations as this indictment contains.

The first section applies to embezzlement from any incorporated company, but the indictment fails to aver, either by fact or infer-ence, that the Adams Express Co. is an incorporated company by the laws of this or any other state and as such permitted to transact business in this state. The second section, as has been held, applies to any carrier, porter or other person to whom property has been delivered or intrusted and who shall fraudulently convert it to his own use or secrete it with intent to do so, before delivery thereof at the place where or to the person to whom delivery was to be made. The indictment is not good under this section because it fails to allege that the money was delivered or entrusted to appellant to be delivered at any place or to any person, and that he fraudulently converted or secreted it for that purpose before he made the delivery.

Wherefore the judgment of conviction is *reversed* and cause remanded with directions to sustain the demurrer and quash the indictment.

*James D. Jones, for appellant.*

*P. W. Hardin, for appellee.*

[Cited, *Commonwealth v. Barney,* 115 Ky. 475, 24 Ky. L. 2352, 74 S. W. 181.]